## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

BREANNA MILES                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )       CASE NO. CV420-066
                                 )
WAL-MART STORES EAST, LP,        )
                                 )
        Defendant.               )
_____)

## O R D E R

Before the Court is Defendant Wal-Mart Stores East, LP's Motion for Summary Judgment (Doc. 23), which Plaintiff Breanna Miles has opposed (Doc. 37). After careful review of the record in this case, however, it appears that Defendant has failed to establish this Court's jurisdiction. Accordingly, Defendant is **DIRECTED** to demonstrate within **fourteen (14) days** from the date of this order whether the Court has subject matter jurisdiction over this case.

On February 27, 2020, Plaintiff filed this negligence action in the State Court of Chatham County, Georgia, against Walmart, Inc. (Doc. 1 at 8.) Walmart, Inc. removed the case to this Court on March 31, 2020 under 28 U.S.C. §§ 1332 and 1446, alleging diversity jurisdiction. (Id. at 1.) Subsequently, the parties filed their Joint Motion to Add Proper Party, in which they requested that the Court dismiss Walmart, Inc. as an improper party

and add Defendant Wal-Mart Stores East, LP as the proper party. (Doc. 10 at 1.) On May 8, 2021, the Court granted the parties' request and substituted Wal-Mart Stores East, LP for Walmart, Inc. (Doc. 11 at 1.) Following this substitution, the Court now questions whether it has subject matter jurisdiction over this matter.

When it appears that subject matter jurisdiction may be lacking, "a federal court must inquire sua sponte into the issue . . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). Subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Labs. Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978)).

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v.

2

Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)). "[A]
limited partnership is a citizen of each state in which any of its
partners, limited or general, are citizens." Rolling Greens, 374
F.3d at 1021 (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-
96, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990)). To properly
allege the citizenship of a limited partnership: "a party must
list the citizenships of . . . all the partners of the limited
partnership." Id. at 1022.

With respect to Defendant's citizenship, the notice of
removal simply avers that "Defendant Wal-Mart Stores East, LP is
a Delaware limited partnership with its headquarters and principal
place of business located in Bentonville, Arkansas. Thus,
Defendant Wal-Mart Stores East, LP is considered a citizen of
Arkansas . . . . [and] is not a citizen of Georgia." (Doc. 1 at
2.) The notice of removal does not include a list of Defendant's
individual partners, along with their citizenships.[1] Accordingly,
the information in the notice of removal is insufficient to
establish complete diversity.[2]

---

[1] The Court recognizes that Defendant attached a document to the
notice of removal which names Wayne Hamilton as a general partner
of Defendant. (Doc. 1 at 15.) This document, however, does not
appear to be an exhaustive list of Defendant's partners and does
not list Mr. Hamilton's citizenship. Accordingly, this document is
not sufficient evidence of Defendant's citizenship.

[2] The Court notes that Defendant has frequently failed to properly
allege its citizenship in federal court. See, e.g., McBride v.
Wal-Mart Stores East, L.P., No. 18-25072-Civ-Scola, 2020 WL
2781334, at *1 (S.D. Fla. Apr. 27, 2020); Londono v. Wal-Mart

Because the jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity, Defendant is **DIRECTED** to file a supplemental brief within **fourteen (14) days** from the date of this order that lists Defendant's individual partners and their citizenships. Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction. Because the Court cannot consider the merits of this case until the jurisdictional issues are resolved, Defendant's motion for summary judgment (Doc. 23) is **DISMISSED WITHOUT PREJUDICE**. Defendant may refile its motion within **fourteen (14) days** after the Court has determined that subject matter jurisdiction exists this case.

SO ORDERED this **26th** day of August 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Stores East, L.P., No: 8:15-CV-1143-T-36JSS, 2015 WL 1286445, at *1 (M.D. Fla. July 23, 2015); Nieves v. Wal-Mart Stores East, L.P., No.: 2:19-cv-00474-JLB-NPM, 2020 WL 5369080, at *1-3 (M.D. Fla. Sept. 8, 2020).